## Robert A. Sturgeon, J. F. Hinton and J. C. Wheeler v. Valentine B. Birkey.

1.  RECOVERY—*In Assumpsit for Money Fraudulently Received.*—A recovery may be had in an action of assumpsit for money had and received, which the defendant has received by fraud, and which in equity and good conscience he should return to the plaintiff.

Assumpsit, for money had and received.  Appeal from the Circuit Court of Champaign County; the Hon. FRANCIS M. WRIGHT, Judge, presiding.  Heard in this court at the May term, 1899.  Affirmed.  Opinion filed December 13, 1899.

WHITE & DOBBINS, attorneys for appellants Hinton and Wheeler.

H. L. KELLY, attorney for appellant Robert A. Sturgeon.

JOHN J. REA and J. L. RAY & RILEY, attorneys for appellee.

A recovery may be had in an action of assumpsit under the common counts for money had and received whenever the defendant has money which in equity and good conscience he ought not to retain, and which in right and jus-

tice he should return to the plaintiff.    Fosselman v. City of
Springfield, 139 Ill. 185; Laflin v. Howe, 112 Ill. 253; Barnes
v. Johnson, 84 Ill. 95; Allen v. Stenger, 74 Ill. 119; Sando-
val C. & M. Co. v. Main, 23 Ill. App. 395; Gallagher v.
Frorer, 4 Ill. App. 330.

MR. JUSTICE HARKER delivered the opinion of the court.

This is an appeal from a judgment recovered by appel-
lee against appellants for money paid on a promissory note
for $250, executed by him to appellant Sturgeon and in-
dorsed by Sturgeon and the other two appellants to an inno-
cent purchaser before maturity.    The suit was based upon
the contention that execution of the note was obtained upon
the false representations of appellants that the $250 was to
be used in paying one J. H. Somers to surrender a leasehold
upon a farm which appellee had purchased of one S. R. Reed,
when, in fact, no money was necessary to be paid Somers by
appellee to secure a surrender of his lease.

There does not appear in the record before us any just
ground for the alleged errors of the court in ruling upon
evidence or in passing upon instructions.    We shall, there-
fore, in this opinion, only discuss the contention of appel-
lants that the verdict is against the law and the evidence.
The evidence shows that appellee, during the spring of 1897,
was induced by appellants to purchase 160 acres of land in
Champaign county, which S. R. Reed, a resident of Piatt
County, had placed in the hands of Hinton and Wheeler to
sell.    J. H. Somers was living upon the land at the time and
had an unexpired term of three years of a lease.    After a pur-
chase price had been agreed upon, it was represented to ap-
pellee that $500 would be required to obtain possession of
the land from Somers, and that it would take $250 from ap-
pellee.    Under the representation that that sum would be
paid to Somers on his behalf, appellee was induced to exe-
cute the note in question to Sturgeon, who, with the other
appellants, indorsed it to an innocent purchaser, and it was
subsequently paid by appellee.    Appellants concealed from
Reed and Somers the fact that they had taken the note from

appellee. As a matter of fact, Reed himself paid Somers for the surrender of his lease, and neither of them knew anything about the note until it was paid, nearly a year after the purchase of the land.

That gross fraud and imposition was practiced upon appellee is clear to our minds. That appellants are liable to him for their tortious act is equally clear to us. An attempt is made to shift the responsibility, but it should not succeed. They were all in the scheme to defraud this ignorant German farmer, and are jointly liable. While he could have maintained his action of case, he had a right to waive the tort and sue in assumpsit. It is firmly established that a recovery may be had in an action of assumpsit for money had and received which the defendant has obtained by fraud, and which he in equity and good conscience should return to the plaintiff. It is not essential for it to appear what each one received as his part of the fruits of the fraud; nor can appellants escape liability by showing that after Reed had uncovered the fraud they paid the proceeds of the note, or a part of them, to him. The money they received on the sale of the note in equity and good conscience belonged to appellee and should have been paid to him and not to Reed.

We think the evidence supports the verdict and the judgment should be affirmed.

Mr. Presiding Justice WRIGHT, having presided at the trial in the court below, took no part in the decision of this case.